FILED

AUG 0 2 2006

CLERK, U.S. BANKRUPTCY
ORLANDO DIVISION

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

CHARLES CARRIER,

    Debtor.

_____/

Case No. 6:05-bk-04624-ABB
Chapter 7

FELICIA S. TURNER, United States Trustee,

    Plaintiff,

        vs.

STACEY BURNWORTH, individually,
and PARAEAGLE PAPERWORKS,
INC.,

    Defendants.

_____/

Adv. Pro. No. 6:05-ap-00183-ABB

## MEMORANDUM OPINION

This matter came before the Court on the Complaint for Violations of 11 U.S.C. § 110 and for Injunctive Relief (Doc. No. 1) ("Complaint") filed by Felicia S. Turner, United States Trustee for Region 21, the Plaintiff herein ("Plaintiff"), against Stacey Burnworth ("Burnworth") and Paraeagle Paperworks, Inc. ("PPI"), the Defendants herein (collectively, the "Defendants"). An evidentiary hearing was held on March 8, 2006 at which counsel for the Plaintiff appeared. The Defendants filed an Answer to Complaint for Violations of 11 U.S.C. § 110 and for Injunctive Relief" (Doc. No. 4) (the "Answer") indicating an intent to defend, but failed to appear at any hearing in the case including the properly noticed final evidentiary hearing. The Defendants filed no other pleadings in this adversary proceeding. The Court makes the following Findings of Fact and

Conclusions of Law after reviewing the pleadings and evidence, hearing testimony and argument, and being otherwise fully advised in the premises.

## FINDINGS OF FACT

Burnworth is a resident of Florida and PPI is an active Florida corporation with its principal place of business in Brevard County, Florida.[1]  Burnworth is not an attorney licensed to practice law in the State of Florida; she is a paralegal who does business as PPI and conducts her business at 211 McLeod Street, Merritt Island, Florida 32953. Burnworth is the principal and owner of PPI.  Burnworth, at all times relevant to this case, was not, and is not, operating as a paralegal under the supervision or control of an attorney.  The Defendants prepare, for compensation, documents for filing in bankruptcy cases and qualify as "bankruptcy petition preparers" pursuant to the Bankruptcy Code. The Bankruptcy Code sets forth a number of provisions governing bankruptcy petition preparers.  The Plaintiff has standing to bring this enforcement action against the Defendants for their noncompliance with those Bankruptcy Code provisions.

Charles Carrier, the Debtor herein ("Debtor"), contacted the Defendants in April 2005 seeking assistance with the preparation of bankruptcy papers for instituting an individual bankruptcy case.  The Debtor paid the Defendants approximately $300.00 in April 2005 for the preparation of bankruptcy papers plus $25.00 to obtain his credit report, for a total amount of $325.00.  The Debtor, *pro se*, instituted the above-captioned Chapter 7 case on April 26, 2005 ("Petition Date") through documents prepared by the Defendants.  Carla Musselman is the duly-appointed Chapter 7 Trustee in this case.

---

[1] Plaintiff's Exh. No. 25.

### Business Name

The Defendants have been acting as bankruptcy petition preparers for several years. They are familiar with the rules governing bankruptcy petition preparers set forth in the Bankruptcy Code. The Defendants, with Burnworth as the principal, previously operated as "Paralegal Paperworks, Inc." A Chapter 7 trustee brought a motion for damages against Burnworth and her company Paralegal Paperworks, Inc. in 2000 in the case In re Pamela Kaye Landry, Case No. 6:99-bk-09643-KSJ, for violations of the statutory duties of bankruptcy petition preparers. The Honorable Karen S. Jennemann issued two opinions, In re Landry, 250 B.R. 441 (Bankr. M.D. Fla. 2000) ("In re Landry I") and In re Landry, 268 B.R. 301 (Bankr. M.D. Fla. 2001) ("In re Landry II"), holding, among other things, Burnworth and her company were bankruptcy petition preparers as defined by the Bankruptcy Code, the business name "Paralegal Paperworks, Inc." violated the Bankruptcy Code's prohibition against the use of the word "legal" in advertisements, the fees charged by Burnworth were excessive and unreasonable, and they fraudulently and deceptively failed to disclose receipt of fees paid by the debtor Landry.[2]

The Defendants changed their business name to "*Paraeagle* Paperworks, Inc." following the entry of the Landry I and Landry II decisions (*emphasis added*). The Defendants, using the new name "Paraegale Paperworks, Inc.," continue to conduct the same bankruptcy petition preparation business they conducted as "Paralegal Paperworks, Inc." The Bankruptcy Code provides for the imposition of penalties (a fine of no more than $500 for each violation) if the word "legal," or any similar term, is used by a

---

[2] The Landry II decision includes the matters In re Annetta Norine Pearson and James Keith Pearson, Case No. 6:99-bk-01125-KSJ and Leigh R. Meininger, Trustee v. Stacey Burnworth, Paralegal Paperworks, Inc., Adv. Pro. No. 6:99-ap-00174-KSJ in which the Trustee sought damages against the Defendants.

bankruptcy petition preparer in advertisements. The Defendants changed their business name intentionally in a transparent attempt to avoid the imposition of penalties. The term "Paraeagle" is virtually identical to "Paralegal" and is misleading. The term "Paraeagle" constitutes a term similar to "legal" and the Defendants' use of this term is impermissible pursuant to the Bankruptcy Code's regulations.

The Defendants, despite the edicts of the Landry I and Landry II decisions, continue to advertise their services under headings for "legal" or "paralegal" services. A photograph of the Defendants' storefront displayed in the Defendants' website shows the name on the outside of the Defendants' building remains "Paralegal Paperworks, Inc."[3] The Defendants are included in multiple Internet directories listing the Defendants under the category heading "legal."[4] They hand out business cards to the public containing the name "Paraeagle Paperworks, Inc." and a list of services: "bankruptcy, divorce, corporations/L.L.C., wills/probate, power of attorney, adoption/name change, deeds/mortgages, contracts/evictions, notary service, immigration."[5]

The Defendants have committed multiple violations of the Bankruptcy Code's prohibition against the use of the word "legal" or any similar term in their advertisements, business cards, Internet directories, and storefront. They have committed at least eighteen (18) separate violations of the Bankruptcy Code regulation governing advertisement and imposition of the penalty of $200.00 per violation is appropriate. The imposition of sanctions against the Defendants in the amount of $3,600.00 is appropriate.

---

[3] Plaintiff's Exh. No. 26.
[4] Plaintiff's Exh. No. 28.
[5] Plaintiff's Exh. No. 13.

4

### *Documents Prepared by Defendants*

The Defendants prepared, for compensation, the following documents signed by the Debtor and filed in his bankruptcy case: (i) Voluntary Petition and matrix; (ii) Summary of Schedules; (iii) Schedules A through J (the "Schedules"); (iv) Statement of Financial Affairs ("SOFA"); and (v) Chapter 7 Individual Debtor's Statement of Intention; (vi) the Disclosure of Compensation of Bankruptcy Petition Preparer[6]; (vii) Debtor's Statement of Social Security Number (Doc. No. 2); (viii) Motion to Avoid Judicial Lien on Real Estate ("Household Motion") (Doc. No. 7), through which the Debtor sought to avoid Household Financial Corporation's judicial lien because the lien allegedly impaired his available exemptions; (ix) Motion to Avoid Judicial Lien on Real Estate ("Wells Fargo Motion") (Doc. No. 8), through which the Debtor sought to avoid a judicial lien held by Wells Fargo Financial Florida, Inc. because it allegedly impaired his available exemptions; (x) Emergency Motion for Voluntary Dismissal (Doc. No. 11), through which the Debtor sought a dismissal of his case on the basis he filed his case prematurely and it potentially affected his ability to assert a homestead exemption in his real property; and (xi) Motion for Continuance (Doc. No. 16), through which the Debtor sought to continue the hearing scheduled on the Emergency Motion for Voluntary Dismissal.  Each of these documents constitutes, pursuant to the Bankruptcy Code, a "document for filing" in a United States bankruptcy court in connection with a bankruptcy case.

The Defendants had a statutory duty to acknowledge their role as bankruptcy petition preparers by signing each document for filing and printing on each document their names and addresses.  A bankruptcy petition preparer who fails to make such

---

[6] Documents (i) through (vi) are found at Doc. No. 1.

acknowledgement may be fined not more than $500 for each failure, unless the failure is due to reasonable cause. The Defendants identified themselves in some of the documents they prepared, but most contain no disclosures. The Defendants failed to sign the Debtor's Summary of Schedules, Schedules, SOFA, Statement of Intention, Statement of Social Security Number, and Emergency Motion for Voluntary Dismissal, and did not disclose their names and addresses in these documents. The Defendants attempted to make it appear the Debtor prepared the Emergency Motion for Voluntary Dismissal by placing his name and address in the upper left-hand corner of page one of the document and intentionally failed to disclose their identify in the document. The Defendants committed six (6) separate breaches of their statutory disclosure duties. No reasonable cause existed to excuse the Defendants' failures to make disclosure. Imposition of sanctions against the Defendants in the amount of $1,200.00, based upon a fine of $200.00 for each violation, is appropriate.

The Defendants were required by statute to place an identifying number after their signatures on each document for filing. The Defendants' identifying number is Burnworth's Social Security number. A bankruptcy petition preparer who fails to place an identifying number on each document prepared may be fined not more than $500 for each failure, unless the failure is due to reasonable cause. Burnworth listed only the last four digits of her Social Security number (listed as xxx-xx-8645) on the Debtor's Petition and the Disclosure of Compensation. Such listing was insufficient to fulfill the statutory identification requirements. The Defendants did not place any identifying number on: the Summary of Schedules, Schedules, SOFA, Statement of Intention, Statement of Social

6

Security Number, Household Motion, Wells Fargo Motion, Emergency Motion for Voluntary Dismissal, and Motion for Continuance.

The Defendants filed a Certification and Signature of Non-Attorney Bankruptcy Petition Preparer ("Certification") (Doc. No. 1) stating: "I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document." "Paraeagle Paperworks, Inc." is identified as the bankruptcy petition preparer with an address of 211 McLeod Street, Merritt Island, FL 32953 and identification number of xxx-xx-8645. Burnworth signed the Certification as the bankruptcy petition preparer. The Certification does not explain what "this document" means. The Certification does not fulfill the Defendants' statutory disclosure duties because a bankruptcy petition preparer is required to make identification disclosures *on each* document prepared for filing in a bankruptcy case.

The Defendants, just days after the Plaintiff filed her Complaint, filed various amended bankruptcy documents adding the signature and full Social Security number of Burnworth. No mention of PPI is made in the amended documents. The Defendants' statutory disclosure duties arose upon at the time they prepared the Debtor's original bankruptcy documents and the amended documents do not cure the Defendants' disclosure omissions.

The Defendants committed eleven (11) separate breaches of their statutory disclosure duties by failing to list Burnworth's Social Security number in these documents. No reasonable cause excused the Defendants from placing the identifying

7

number on the documents. Imposition of sanctions against the Defendants in the amount of $2.200.00, based upon a fine of $200.00 for each violation, is appropriate.

### Fees Charged to the Debtor are Unreasonable and Excessive

The role of a non-lawyer petition preparer, who is not supervised by an attorney, is very limited. The compensation such a petition preparer can receive is similarly limited. A petition preparer's services may only include typing the petition, schedules, and other forms based upon the information supplied by the debtor. Any services going beyond these limited acts constitute the unauthorized practice of law and are not compensable.

The fee of $300.00 charged by the Defendants is not reasonable, exceeds the value of the services rendered, and exceeds the $112.50 fee approved in In re Landry II. The services the Defendants were authorized to perform encompassed only the preparation of the Debtor's Petition, Schedules, SOFA, and the various disclosures related to these documents. The preparation of these documents required nominal effort and involved minimal data. The Defendants utilized Best Case Solutions, Inc.'s computer software for preparation of the Debtor's Petition, Schedules, SOFA, and related notices and disclosures.[7] The Defendants entered data into form fields and the program created the Debtor's bankruptcy documents.

The Defendants' preparation of all other documents, specifically items (viii) through (xi) delineated hereinabove at pages 4 through 5, far exceeded their allowed role. The Defendants are not entitled to compensation for any services other than their preparation of the Debtor's Petition, Schedules, SOFA, and the related disclosure documents. The reasonable fee for preparation of these documents is $112.50. The facts

---

[7] Each page of Doc. No. 1 contains Best Case Solutions, Inc.'s name, contact information, and copyright information.

of this case would not warrant the fee of $300.00 charged by the Defendants even if the time limitations and rates set forth in In re Landry decisions are not followed in this case.

The Defendants must disgorge all fees received from the Debtor in excess of $112.50. The Defendants' charge of $25.00 for obtaining a the Debtor's credit report is not a compensable service for a bankruptcy petition preparer. Disgorgement by the Defendants of $212.50 (excess fees of $187.50 plus $25.00 for obtaining the credit report charge) shall be ordered.

### Unauthorized Practice of Law and
### Fraudulent, Unfair, and Deceptive Conduct

Bankruptcy petition preparers may not give legal advice. Burnworth, a lay person, exceeded the permitted scope of an unsupervised bankruptcy petition preparer's services by: (i) advising the Debtor as to property exemption choices provided by the Florida Constitution and Florida statutes (see Doc. No. 1, Schedule C); (ii) advising the Debtor as to judicial lien avoidance procedures; and (iii) preparing the Household and Wells Fargo Motions. These documents involve substantive legal issues. Burnworth's actions in relation to these documents constitute the unauthorized practice of law.

Burnworth charged the Debtor for these legal services. Her services were deficient. The Household and Wells Fargo Motions failed to include required affidavits and did not conform with the Local Rules or the Federal Rules of Bankruptcy Procedure. (Doc. Nos. 7, 8, 9). Burnworth selected exemptions for the Debtor's property in Schedule C. She listed the Debtor's real property located at 2444 Elise Circle, Cocoa, Florida 32922 as fully exempt homestead property in Schedule C with citations to "Fla. Const. art. X, § 4(a)(1); Fla Stat Ann §§ 222.01, 222.02, 222.05." (Doc. No. 1). No factual or legal basis existed for claiming the property as exempt homestead property.

Burnworth later prepared and caused to be filed the Emergency Motion for Voluntary Dismissal (Doc. No. 11). The Emergency Motion is alarming. The Motion states:

> Debtor realizes that the filing [of] a Chapter 7 bankruptcy petition was done too soon. Debtor now realizes that he must reside in homestead property for it [to] be exempt. Debtor will move back to his real property located at 2444 Elsie Ct., Cocoa, Florida 32922, after the lease with his tenants expires on August 15, 2005. Debtor, at that time, will move back and refile his bankruptcy petition at that time.

Emergency Motion at ¶ 3. Burnworth advised the Debtor regarding the Florida homestead exemption, which is one of the most fundamental protections afforded to a Debtor. The Debtor, as revealed in the Emergency Motion and the subsequent Objection to Debtor's Emergency Motion for Voluntary Dismissal filed by Williard and Nancy Smith (Doc. 12), was not entitled to claim a homestead exemption. The Smith's state in their Objection they had lived in the Debtor's Elsie Court property for over two years and have a Purchase and Sale Agreement with the Debtor for the property. Objection at ¶1.[8] The Emergency Motion also evidences neither Burnworth nor the Debtor understood a Chapter 7 bankruptcy case cannot simply be dismissed upon a debtor's motion. The Emergency Motion was denied (Doc No. 54) and the case is pending.

Burnworth was found to have engaged in fraudulent, unfair, and deceptive conduct in the In re Landry I and In re Landry II decisions. All of the facts and circumstances show she, individually and acting through her re-named company, has continued to engage in fraudulent, unfair, and deceptive conduct. The Defendants

---

[8] The Objection further states the Debtor was holding a purchase deposit of $2,000, an insurance claim for approximately $18,000 relating to hurricane repairs, and a claim of approximately $375,000 relating to a wrongful death suit. Neither the Purchase and Sale Agreement nor the claims were listed in the Debtor's Schedules. The Trustee thereafter: filed an asset designation, conducted discovery, objected to the Debtor's claims of exemption, and sought turnover of property. The Trustee ultimately abandoned the house, insurance claim, and a boat and will administer the wrongful death claim funds to satisfy all creditor claims in this case. (Doc. No. 42).

10

impermissibly hold themselves out to the community as offering "legal" services, which they continue to do despite the clear prohibitions of the Bankruptcy Code and this Court's prior rulings against Burnworth. They have engaged in the unauthorized practice of law by giving substantive legal advice to the Debtor and preparing documents addressing substantive legal issues. The Defendants have far exceeded the scope of services a bankruptcy petition preparer is allowed to provide. The Defendants are not entitled to any compensation for services that exceeded the permitted scope of services for a bankruptcy petition preparer.

The Defendants have charged unreasonable and excessive fees for their services and have failed to fulfill the fundamental and basic disclosure requirements set forth in the Bankruptcy Code. They have continually engaged in fraudulent, unfair, and deceptive conduct and have ignored the prior rulings of this Court. An injunction prohibiting such conduct would not be sufficient to prevent the Defendants' interference with the proper administration of the Bankruptcy Code and to protect members of the public. Enjoining the Defendants from acting as bankruptcy petition preparers altogether is the only viable remedy to ensure the public is properly protected and to prevent the Defendants' further interference with the administration of the bankruptcy laws.

The United States Trustee has incurred fees and costs in the amount of $1,200.00 in this matter. Such fees and costs are reasonable and the United States Trustee is entitled to recovery of $1,200.00 from the Defendants.

## CONCLUSIONS OF LAW

Section 110 of the Bankruptcy Code defines and governs bankruptcy petition preparers.[9] The statute sets forth a bankruptcy petition preparer's duties and prescribes the penalties and remedies for violations of those duties. The United States Trustee is required to monitor bankruptcy cases and compliance with the bankruptcy laws pursuant to 28 U.S.C. § 586. The United States Trustee has standing to bring disgorgement and damages motions against a bankruptcy petition preparer who violates § 110. 11 U.S.C. §§ 110(h), (i) (2005). The United States Trustee in the district in which a bankruptcy petition preparer resides, has conducted business, or the United States Trustee in any district in which the debtor resides, has standing to bring an injunction action against a bankruptcy petition preparer for violations of § 110. 11 U.S.C. § 110(j)(1).

A bankruptcy petition preparer is a "person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing." 11 U.S.C. § 110(a)(1). Section 110(a)(2) defines a "document for filing" as a "petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title." 11 U.S.C. § 110(a)(2). The documents filed as Doc. Nos. 1 (including each separate document contained in Doc. No. 1), 2, 7, 8, 11, 16 were prepared by the Defendants and each constitutes a document for filing pursuant to § 110(a)(2). The evidence presented by the Plaintiff and the Defendants' own admissions in their Answer establish unequivocally the Defendants are bankruptcy petition preparers pursuant to § 110(a)(1) of the Bankruptcy Code.

---

[9] Each of the provisions of § 110 discussed herein were in effect at the time the Landry I and Landry II decisions were issued.

The Defendants reside and conduct business in the Middle District of Florida and have committed violations of § 110.  The Plaintiff has standing to bring this action against the Defendants pursuant to §§ 110(h), (i), and (j).[10]

### 11 U.S.C. §§ 110(b) and (c):  Disclosure Requirements

The Defendants are charged with knowing the duties of bankruptcy petition preparers set forth in § 110 and they certainly had actual knowledge of those duties when the Landry I and Landry II decisions were issued.  Those duties include disclosure of the bankruptcy petition preparer's involvement and identification:

> (b)(1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print *on the document* the preparer's name and address.
> . . .
> (c)(1) A bankruptcy petition preparer who prepares a document for filing shall place *on the document*, after the preparer's signature, an identifying number that identifies individuals who prepared the document.
> (2) for purposes of this section, the identifying number of a bankruptcy petition preparer shall be the Social Security account number of each individual who prepared the document or assisted in its preparation.

11 U.S.C. §§ 110(b), (c) (*emphasis added*).  A bankruptcy petition preparer who fails to comply with these requirements "may be fined not more than $500 for each such failure unless the failure is due to reasonable cause." 11 U.S.C. §§ 110(b)(2), (c)(3).

The disclosure and identification provisions of §§ 110(b) and (c) are clear and unambiguous.  A bankruptcy petition preparer must sign her name and print her name and address on each document, as made clear by the statute's usage of the word "document" rather than its plural, prepared for a debtor.  A bankruptcy petition preparer must place her identifying number on each document prepared.  The imposition of

---

[10] The Defendants challenge the United States Trustee's standing to bring this action in their Answer.

sanctions for a bankruptcy petition preparer's failure to fulfill the statutory requirements is discretionary by virtue of the statutes' usage of the term "may."

The Defendants committed multiple violations of the disclosure and identification requirements of §§ 110(b) and (c). They failed to disclose their involvement with the preparation of the Debtor's Summary of Schedules, Schedules, SOFA, Statement of Intention, Statement of Social Security Number, and they intentionally attempted to conceal their preparation of the Emergency Motion for Voluntary Dismissal. The Defendants' identifying number, pursuant to the plain language of 11 U.S.C. § 110(c)(2), is Burnworth's Social Security account number. Placement of a portion of an identifying number on a document does not fulfill the requirements of § 110(c)(1). The Defendants did not place an identifying number on the Debtor's Petition, Summary of Schedules, Schedules, SOFA, Statement of Intention, Statement of Social Security Number, Household Motion, Wells Fargo Motion, Emergency Motion for Voluntary Dismissal, Motion for Continuance, or the Disclosure of Compensation.

The Defendants committed six separate breaches of § 110(b)(1) and eleven breaches of § 110(c)(1). The breaches are not due to reasonable cause and the Defendants may be fined up to $500 for each breach. The filing of amended bankruptcy papers does not mitigate or cure those breaches. The Defendants' failure to comply with §§ 110(b), (c), and (f) is particularly egregious in light of the entry of the In re Landry I and In re Landry II decisions, which contains a detailed explanation of what a bankruptcy petition preparer can and cannot do and the statutory requirements a preparer must fulfill. In re Landry I, 250 B.R. at 445 (citing In re Samuels, 176 B.R. 616, 622 (Bankr. M.D. Fla. 1994)). The imposition of a fine of $200.00 for each violation of §§ 110(b) and

110(c) is appropriate.  Imposing sanctions against the Defendants in the amounts of

$1,200.00 pursuant to 11 U.S.C. § 110(b)(2) and $2,200.00 pursuant to 11 U.S.C. §

110(c)(3) is appropriate based upon all of the facts and circumstances of this case.

### 11 U.S.C. § 110(f): Business Name

Subsection (f) of § 110 regulates how a bankruptcy petition preparer may hold

itself out to the community:

> (f) (1) A bankruptcy petition preparer shall not use the word "legal" or any
> similar term in any advertisements, or advertise under any category that
> includes the word "legal" or any similar term.
> (2) A bankruptcy petition preparer *shall* be fined not more than $500 for
> each violation of paragraph (1).

11 U.S.C. § 110(f) (2005) (*emphasis added*).  The Defendants are in violation of §

110(f)(1) for the use of the business name Paraeagle Paperworks, Inc.  Burnworth

intentionally changed the name of her original company "Paralegal Paperworks, Inc." to

Paraeagle Paperworks, Inc. after the In re Landry decisions were issued in an attempt to

circumvent the name restrictions of § 110(f).  The word "Paraeagle" is virtually identical

to "Paralegal" and constitutes a term similar to "legal" so that it falls within the ambit of

§ 110(f)(1).

The Defendants advertise using the word "legal" on their business storefront and

on their website.  They continue to hold themselves out to the community as "Paralegal

Paperworks, Inc." despite being prohibited from doing so by the Bankruptcy Code and

the Landry decisions.  Each day the Defendants continue to use the name "Paralegal

Paperworks, Inc." they are committing violations of § 110(f)(1) and are subject to fines

for each violation pursuant to § 110(f)(2). The defendants advertise on the Internet under

categories containing the word "legal."  Each legal category listing in which the

Defendants are named constitutes a violation of § 110(f)(1) and they are subject to fines for each violation pursuant to § 110(f)(2). Each visit to the Defendant's website by a person constitutes a sanctionable violation of § 110(f)(1).

The imposition of sanctions for the violation of § 110(f)(1) is mandatory due to the statute's inclusion of the word "shall" rather than "may." The Defendants committed at least eighteen (18) separate violations of § 110(f) and the imposition of a fine of $200.00 per each violation is appropriate. Sanctions in the amount of $3,600.00 shall be imposed against the Defendants pursuant to § 110(f)(2).

### Fees Charged and Unauthorized Practice of Law

The Defendants are aware, through the <u>In re Landry II</u> decision, of what activities they may charge a fee for and what constitutes a reasonable fee. The Court determined in <u>In re Landry II</u> that $75.00 per hour, or a total of $112.50 for 1.5 hours, was a reasonable fee for a bankruptcy petition preparer to charge for the preparation of a Chapter 7 bankruptcy petition and related documents for filing. <u>In re Landry II</u>. 268 B.R. at 308. The Court, *in dicta*, suggested charges for services such as reviewing credit reports are not compensable when performed by a bankruptcy petition preparer and, to the extent such services are actually performed, they constitute the unauthorized giving of legal advice. <u>Id.</u> at 307. The Court rejected the Defendants' argument that Burnworth was a "para-professional" and thus could be paid for additional work. <u>Id.</u> "[Burnworth] is a bankruptcy petition preparer assisting a debtor in preparing documents for filing before bankruptcy court. Her role is limited to that of a secretarial copier and transcriptionist." <u>Id.</u> at 308.

The fee of $300.00 charged by the Defendants is not reasonable, exceeds the value of the services rendered, and exceeds the $112.50 fee approved in In re Landry II. A fee of $112.50 is reasonable for the Debtor's case. The creation of the Debtor's bankruptcy papers through the use of the Best Case Solutions, Inc. software took minimal effort and time. The Defendants' charge of $25.00 for obtaining a the Debtor's credit report is not a compensable service for a bankruptcy petition preparer.

The Defendants are not entitled to payment for any services beyond the preparation of the Petition, Schedules, Statement of Financial Affairs, and their accompanying disclosures. The Defendants' preparation of the Documents for Filing enumerated as (viii) through (ix) hereinabove at pages 4 through 5 exceeded their scope of permissible bankruptcy petition preparer services. The Wells Fargo and Household Motions involve substantive lien and secured creditor issues. The selection of exemptions in Schedule C involves substantive exemption and asset protection issues. The Defendants engaged in the unauthorized practice of law in preparing these documents. In re Farness, 244 B.R. 464, 471-72 (Bankr. D. Idaho 2000). The Defendants are not entitled to compensation for the preparation of these documents.[11]

Disgorgement by the Defendants of all fees received from the Debtor in excess of $112.50 is appropriate pursuant to 11 U.S.C. § 110(h)(2) and In re Landry II. Such fees are subject to immediate turnover to the Chapter 7 Trustee pursuant to 11 U.S.C. § 110(h)(2). The Debtor is entitled to exempt the disgorged funds pursuant to 11 U.S.C. §§ 110(h)(2) and 522(b).

---

[11] Section 110(k) prohibits the unauthorized practice of law, but does not contain a specific sanctions provision as do §§ 110(b), (c), (d), (e), (f), and (g).

*11 U.S.C. §§ 110(i) and (j)*

The Defendants have committed fraudulent, unfair or deceptive acts prohibited by § 110(i) and 110(j) (and also prohibited under § 110(k)) by holding themselves out to the community as providing "legal" services and continually engaging in the unauthorized practice of law. Burnworths's preparation of Schedule C, the Household Motion, and Wells Fargo Motion constitutes the unauthorized practice of law. These same actions were addressed in the In re Landry II decision in which the Court, in reviewing Burnworth's actions in connection with the reasonableness of her fee, stated:

> After filing the initial pleadings on behalf of [the debtors], Ms. Burnworth prepared motions for the debtors seeking to avoid liens under Section 522(f) of the Bankruptcy Code. Motions to avoid liens are complicated legal documents well beyond the scope of tasks a bankruptcy petition preparer legitimately can complete. The Court cannot imagine a scenario in which such a form could be considered a simple legal form that the debtors could independently complete and then hand to a bankruptcy petition preparer for typing. Thus, to the extent that Ms. Burnworth prepared motions to avoid liens, she exceeded the permitted scope of her authorized services under Section 110 of the Bankruptcy Code and shall receive no compensation for these subsequent pleadings filed on behalf of [the debtors].

In re Landry II. 268 B.R. at 306 n.2.

Section 110(j) provides for broad injunctive relief to protect the public from bankruptcy petition preparers who do not abide by the rules governing preparers. An injunction may be issued enjoining a bankruptcy petition preparer from specific conduct which violates § 110 or enjoining the person from acting as a bankruptcy petition preparer. 11 U.S.C. § 110(j)(2)(A) and (B). If a bankruptcy petition preparer has (I) engaged in conduct which subjects a person to criminal penalty (i.e., 18 U.S.C. § 157); (II) misrepresented the preparer's experience or education as a bankruptcy petition preparer; or (III) engaged in any other fraudulent, unfair, or deceptive conduct, the court

may enjoin the bankruptcy petition preparer from engaging in such conduct. 11 U.S.C. § 110(j)(2)(A). If a bankruptcy petition preparer is found to have continually engaged in conduct described in § 110(j)(2)(A) and an injunction prohibiting such conduct would not be sufficient to prevent that person's interference with the bankruptcy system, a court may enjoin the person from acting as a bankruptcy petition preparer. 11 U.S.C. § 110(j)(2)(B).

Section 110(k) specifically provides § 110 shall not be construed to permit unauthorized practice of law by bankruptcy petition preparers. Courts have determined that unauthorized practice of law by a bankruptcy petition preparer is also grounds to issue an injunction against the preparer pursuant to 11 U.S.C. § 110(j). In re Stacy, 193 B.R. 31, 38-39 (Bankr. D. Or. 1996); In re Gavin, 181 B.R. 814, 821-23 (Bankr. E.D. Pa. 1995); In re Lyvers, 179 B.R. 837, 840-42 (Bankr. W.D. Ky. 1995).

The Defendants continue to violate the provisions of § 110 despite the Defendants' prior experiences with the requirements of § 110 of the Bankruptcy Code and the In re Landry I and In re Landry II decisions. Courts have found that violations of "numerous provisions" of § 110 are indicative of a preparer's unwillingness to change her practices and is a ground for issuance of an injunction. In re Gavin, 181 B.R. at 824. Injunctions have also been issued for fraudulent, unfair or deceptive practices. Id.

The Defendants have committed fraudulent, unfair and deceptive acts prohibited by §§ 110(i) and 110(j) (and acts also prohibited by § 110(k)) by continually engaging in the unauthorized practice of law. They have repeatedly engaged in conduct proscribed by 11 U.S.C. § 110 and the kind of conduct described in § 110(i)(1) and §110(j)(2)(A)(I), (II) or (III). The Defendants' disregard for the Bankruptcy Code requirements governing

bankruptcy petition preparers and this Court's prior orders establish an injunction enjoining the Defendants from engaging in further conduct violative of § 110 would not be sufficient to curb future violations or to prevent the Defendants' continuing misconduct.

Based on the foregoing, and as provided in § 110(j)(2)(B), only a permanent injunction completely prohibiting the Defendants from having anything to do with the preparation of any papers for filing a bankruptcy case or paper and from acting as bankruptcy petition preparers in any capacity in the future, whether for free or for a fee, by themselves or through third parties, will prevent any further misconduct by the Defendants.    A permanent injunction shall be issued enjoining Burnworth, both individually and in any business capacity, and PPI, or any successor thereto, from preparing or offering to prepare any papers for any individual or other entity, and from giving or offering legal advice, including suggesting the filing of a bankruptcy, in connection with any bankruptcy case filed or intended to be filed in the Middle District of Florida.

Based upon the granting of injunctive relief ordered herein, the Defendants are liable to the United States Trustee for her reasonable attorneys' fees and costs in bringing this action, which fees and costs are recoverable pursuant to 11 U.S.C. § 110(j)(3).   The United States Trustee has incurred fees and costs in the amount of $1,200.00.   Such fees and costs are reasonable and shall be awarded to the United States Trustee.

### *Certification to District Court*

Section 110(i) provides where "a bankruptcy petition preparer violates this section or commits any fraudulent, unfair, or deceptive act, the bankruptcy court *shall* certify that fact to the district court . . . ." 11 U.S.C. § 110(i). The district court then, upon motion of the debtor, trustee, or creditor and after a hearing, shall impose additional sanctions against the bankruptcy petition preparer. The Court, for the reasons stated above, finds the Defendants committed fraudulent, unfair, and deceptive acts and violated 11 U.S.C. §§ 110(b), (c), (f), and (h). The Court hereby **CERTIFIES** these factual and legal findings to the United States District Court for the Middle District of Florida, Orlando Division, for purposes of 11 U.S.C. § 110(i). The Court recommends Stacey Burnworth and Paraeagle Paperworks, Inc. be sanctioned pursuant to 11 U.S.C. § 110(i) for their numerous violations of § 110 and that the Debtor be awarded: (i) actual damages, pursuant to § 110(i)(1)(A) damages, including his costs and attorney's fees, related to the Defendants' acts; (ii) $2,000.00 pursuant to § 110(i)(1)(B); and (iii) reasonable attorneys' fees and costs, pursuant to § 110(i)(1)C), should the Debtor move for damages.

### *Conclusion*

The Defendants received an excessive and unreasonable fee of $300.00 for services provided to the Debtor. The reasonable value of their services was $112.50. They had no authority to charge the Debtor $25.00 for the credit report and such amount is subject to disgorgement. The Defendants must turnover to the Chapter 7 Trustee immediately upon service of this Order, pursuant to § 110(h)(2), the amount of $212.50, which includes the excessive fee of $187.50 ($300.00 minus $112.50) plus $25.00 for the credit report charge. Failure to timely turn over the funds will result in additional fines

pursuant to § 110(h)(4). The Debtor is entitled to exempt the amount of $212.50 pursuant to §§ 110(h)(2) and 522(b).

Fines totaling $7,000.00 (consisting of $1,200.00 for violations of § 110(b), $2,200.00 for violations of § 110(c), and $3,600.00 for violations of § 110(f)) are due to be imposed against the Defendants and they shall be jointly and severally liable for such amounts. Such amounts must be paid to the Clerk of this Court within thirty (30) days of the date of this Order or the Court may impose further sanctions or penalties for the Defendants' failure to adhere to the terms of this Order and any separate Judgment entered in connection herewith.

A permanent injunction shall issue enjoining the Defendants from acting as bankruptcy petition preparers in the Middle District of Florida pursuant to 11 U.S.C. § 110(j). The United States Trustee is entitled to an award of her fees and costs of $1,200.00 incurred in this matter pursuant to 11 U.S.C. § 110(j)(3).

A separate judgment in favor of the United States Trustee and against the Defendants consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 2nd day of August, 2006.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge

22